# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1433 | **DATE** | April 14, 2011 |
| **CASE TITLE** | Rodney T. McKinney (B-76809) v. Joseph Moutesdeoca | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes Dixon Correctional Center trust fund officials to deduct $9.10 as an initial partial filing fee and to continue making deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall issue summonses for service of the complaint through the U.S. Marshal's Service on Chicago Police Officer Joseph Moutesdeoca (#11370) and Sergeant Rochowicz (#1900). The Chicago Police Department is dismissed as a Defendant. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Rodney T. McKinney (B-76809), an inmate at the Dixon Correctional Center, has filed a 42 U.S.C. § 1983 action against two Chicago police officers, Officer Joseph Moutesdeoca (#11370) and Sergeant Rochowicz (#1900). Plaintiff also names the Chicago Police Department as Defendant. Plaintiff alleges that the officers falsely arrested him on May 14, 2009, without a warrant and without probable cause, and that his garage was damaged during the arrest.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $9.10. The supervisor of inmate trust accounts at the Dixon Correctional Center is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Dixon authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff alleges that around 5:00 a.m. on May 14, 2009, Officer Joseph Moutesdeoca (#11370) and Sergeant Rochowicz (#1900) arrested Plaintiff without probable cause. Plaintiff states that he saw the officers as he was taking out the trash in the alley; he entered his garage and activated the automatic door; and Montesdeoca prevented the door from closing, forcing it open and breaking it. Montesdeoca then instructed Plaintiff to place his hands on the car in the garage. Plaintiff was cuffed and taken to a police car to be identified by a woman
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

sitting inside. Plaintiff contends that he was arrested simply because he was the first African-American the officers saw after the robbery. He has stated a colorable cause of action against the officers. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010) (addressing reasonableness of arrest); *see also Johnson v. Manitowoc County*, __ F.3d __, 2011 WL 814996, *3 (7th Cir. 2011) (addressing reasonableness of police actions that destroyed property during execution of a warrant). Summonses shall issue for Officers Moutesdeoca and Rochowicz.

The Chicago Police Department, however, is not a suable entity and cannot be named as a Defendant. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) (dismissing claims against the Chicago Police Department because it was not a suable entity). The Chicago Police Department is thus dismissed.

The United States Marshals Service is appointed to serve Chicago Police Officer Joseph Moutesdeoca (#11370) and Sergeant Rochowicz (#1900). Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, Chicago Police officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver of service, the Marshal shall attempt to personally serve the Defendants.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.